## Erb v. Erb

*John E. Malone,* for libellant.
*Charles W. Eaby,* for respondent.

SCHAEFFER, J., March 19, 1937.—This is a rule to discontinue divorce proceedings instituted by Benjamin R. Erb against his wife, Blanche A. Herr Erb, on December 12, 1936, on the grounds of cruel treatment, indignities, and desertion. On December 19, 1936, a prior rule was granted to show cause why libellant should not pay a reasonable counsel fee for respondent. In respondent's petition for counsel fee she avers that she is without any means to employ counsel and to prepare her defense. No answer was filed thereto. It is apparent that respondent's counsel has rendered legal services to her. The only objection against the discontinuance of this case is the pending rule for counsel fee.

Libellant cites Clymer v. Clymer, 19 Phila. 343, which decided that the pendency of a rule for alimony, especially when the party obtaining it has not been diligent in proceeding under it, is no reason for refusing libellant leave to discontinue. The court said: ". . . the wife would re-

ceive but a nominal benefit, because the award would date only from the time of making the order . . . the case would not be kept alive for the mere purpose of allowing the arrears of alimony to accumulate."

In the instant case it is not a question of alimony, but one of counsel fee. Furthermore, there has been no delay in the disposition of the rule for counsel fee. Under The Divorce Law of May 2, 1929, P. L. 1237, as amended by the Act of May 25, 1933, P. L. 1020, the court may upon petition in proper cases allow a wife reasonable counsel fee and expenses. The allowance and the amount of such counsel fee are within the discretion of the court: Espenshade v. Espenshade, 45 Lanc. L. R. 227.

Under the particular facts and circumstances in the instant case the court feels that respondent is entitled to a reasonable counsel fee for legal services rendered to the time of discontinuance of the divorce proceeding.

And now, March 19, 1937, the court makes absolute the rule for counsel fee and fixes the same at $10. Upon payment of the same and the costs in this case the rule to show cause why this action should not be discontinued is made absolute.

From George Ross Eshleman, Lancaster.